United States District Court
Southern District of Texas

**ENTERED**

January 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| MARION MOUTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. H-23-3015 |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 21). Having considered the motion, submissions, and applicable law, the Court determines that Defendant's motion for summary judgment should be granted.

## I. BACKGROUND

This is a personal injury case arising out of premises liability. On December 10, 2021, Plaintiff Marion Mouton ("Mouton"), contends she tripped on an entryway mat as she was entering Defendant Dolgencorp of Texas, Inc.'s Dollar General store, (hereinafter "Dollar General"). Mouton contends that "[a]s a result of the alleged dangerous condition, she sustained serious and disabling personal injuries that have required extensive medical treatment."[1]

---

[1] *Plaintiff's Original Complaint*, Document No. 1, Exhibit 1 at 5.

Based on the foregoing, on July 10, 2023, Mouton filed suit in the 133rd Judicial District Court of Harris County, asserting a claim for negligence pursuant to a theory of premises liability against Dollar General. On August 16, 2023, Dollar General removed the matter to this Court based on diversity jurisdiction. On November 15, 2024, Dollar General filed a motion for summary judgment. On November 27, 2024, Mouton filed an unopposed motion for extension of time to file a response to Dollar General's summary judgment motion. The Court granted Mouton's motion, extending Mouton's deadline to respond to Dollar General's summary judgment motion to December 20, 2024. Mouton did not respond to Dollar General's summary judgment motion within either the original response date, or the date offered in her motion for continuance.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific

2

facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must

3

respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993))).

### III. LAW & ANALYSIS

Dollar General moves for summary judgment, contending there is no material question of fact for a jury regarding whether Dollar General owed Mouton a duty to warn of or remedy the complained-of condition. Mouton did not respond to Dollar General's motion for summary judgment, failing to rebut or offer evidence to counter Dollar General's contentions. Pursuant to Local Rule 7.4, failure to respond is taken

4

as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless, the Court will independently consider whether summary judgment is proper in the present matter. Dollar General contends that summary judgment is proper because: (1) the condition on their premises was not unreasonably dangerous; (2) the infringing mat was open and obvious; (3) Mouton has actual or constructive notice of the condition; and (4) Dollar General had no knowledge of any unreasonable degree of danger posed by the condition. Mouton offers no rebuttal.

Under Texas law, in order to succeed on a claim for premises liability, a plaintiff mush prove: (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner/occupier knew or reasonably should have known of the condition; (3) the owner/occupier failed to exercise ordinary care to protect the invitee from danger; and (4) that such failure was a proximate cause of injury to the invitee. *See Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). "[T]he landowner's premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not[.]" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). "The standard of conduct required of a premises occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all the pertinent circumstances." *Id.* at 294.

5

Here, it is undisputed that Mouton was Dollar General's invitee at the time of Mouton's injuries. Thus, the Court will consider whether Dollar General met the standard of conduct required of a premises occupier under the facts of this case. At the outset, Dollar General contends that Mouton has not proven that the mat posed an unreasonable risk of harm. Dollar General offers summary judgment evidence of a video of the incident giving rise to this suit, in which the mat in question is seen lying flat just inside the front door of the store.[2] Dollar General notes for the court that the mat's placement is a common condition found in thousands of retail stores throughout the country, and is not unreasonably dangerous as a matter of law. Dollar General further contends that the record does not show that there has been any prior "incidents, injuries, complaints, reports, or regulatory noncompliance" to raise a fact question as to whether the common condition of a mat on the ground is unreasonably dangerous.[3] Mouton offers no rebuttal.

The Texas Supreme Court has made clear that "the standalone fact that a condition caused an injury does not make it unreasonably dangerous." *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (citing *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 87 (Tex. 2023)). Rather, under Texas law "[t]o raise a fact question on whether a common condition is unreasonably dangerous, a plaintiff must

---

[2] *Defendant's Motion for Summary Judgment*, Exhibit 2 at 12:33 p.m. *(Video of Incident)*.

[3] *Defendant's Motion for Summary Judgment,* Document No. 21 at 10.

show more than a mere possibility of harm. At a minimum, [the law] require[s] sufficient evidence of prior accidents, injuries, complaints, reports, regulatory noncompliance, or some surrounding circumstance that transformed the condition into one measurably more likely to cause injury." *Id. at 503*. Here, Mouton offers no evidence to show that the common condition of a floor mat in a store is unreasonably dangerous such to comply with her burden under Texas law. In fact, Mouton provides no opposition whatsoever to Dollar General's summary judgment evidence offered. Based on the foregoing, the Court finds that Dollar General has proffered sufficient summary judgment evidence to dismantle Mouton's theory of premises liability under Texas law.[4] Accordingly, the Court finds that Dollar General's motion for summary judgment should be granted.

## IV. CONCLUSION

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 21) is **GRANTED**.

THIS IS A FINAL JUDGMENT

SIGNED at Houston, Texas, on this __17__ day of January, 2025.

DAVID HITTNER
United States District Judge

---

[4] Considering the Court's finding that Mouton failed to establish the first element of her premises liability theory, the Court declines to consider the remaining elements.

7